UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ESPINOSA,<br><br>Plaintiff,<br><br>v.<br><br>BLUEMERCURY, INC., et al.,<br><br>Defendants. | Case No. 16-cv-07202-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART AND DENYING IT IN PART**<br><br>Re: ECF No. 9 |

Before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. The Court will grant the motion in part and deny it in part.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this purported class action on December 16, 2016, bringing claims against Bluemercury, Inc., Macy's, Inc., and Does 1-100, inclusively (collectively, "Defendants"), for violations of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act ("FCRA")), 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act), California Civil Code § 1786 *et seq*. (Investigative Consumer Reporting Agencies Act), California Civil Code § 1785 *et seq*. (Consumer Credit Reporting Agencies Act), failure to pay hourly wages under Labor Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198, failure to provide accurate written wage statements under Labor Code § 226(a), failure to timely pay all final wages under Labor Code §§ 201-203, unfair competition under Business and Professions Code §§ 17200, *et seq*., and failure to pay employees for all hours worked under 29 U.S.C. § 201, *et seq*. ECF No. 1.

"Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports ('credit and background reports') to conduct background checks on

Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process" in violation of the various statutes described above. ECF No. 1 ¶ 2. Plaintiff also alleges that "Defendants failed to pay [the purported class] the correct regular rate of pay . . . [and] the correct overtime rate of pay, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment." Id. ¶ 3. The Complaint seeks "unpaid wages, restitution, and related relief." Id.

"Plaintiff was employed by Defendant as an hourly, non-exempt employee working in the State of California from approximately August 2016 to September 2016." ECF No. 1 ¶ 5. Plaintiff alleges that when she "applied for employment with Defendants, Defendants required her to fill out and sign a two page Document entitled "Employment Application." Id. ¶ 27. "In pertinent part," the document stated:

> I hereby authorize Bluemercury to thoroughly investigate my background, references, employment record and other matters related to my suitability for employment. I authorize persons, schools, my current employer (if applicable), and previous employers and organizations contacted by Bluemercury to provide any relevant information regarding my current and/or previous employment and I release all persons schools, employers of any and all claims for providing such information. I understand that misrepresentation or omission of facts may result in rejection of this application, or if hired, discipline up to and including dismissal. I understand that nothing contained in this application, or conveyed during any interview which may be granted, is intended to create an employment contract. I understand that filling out this form does not indicate that there is a position open and does not obligate Bluemercury to hire me. (U.S. APPLICANTS ONLY: I understand and agree that my employment is at will, which means that it is for no specific period and may be terminated by me or Bluemercury at any time without prior notice for any reason. MARYLAND APPICANTS ONLY: Under Maryland law, an employer may not require or demand, as a condition of employment, prospective employment, or continued employment, that an individual submit to or take, a lie detector or similar test. An employer who violates this law is guilty of [a] misdemeanor and is subject to a fine not exceeding $100. MASSACHUSETTS APPLICANTS ONLY: It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability. CALIFORNIA APPLICANTS ONLY: Applicant may not omit any convictions for possession of marijuana (except for convictions for the possession of marijuana on school grounds or possession of concentrated cannabis) that are more than 2 years old, and any information concerning a referral to, and participation in, any pretrial or post trial diversion program."

ECF No. 1 ¶ 28. On January 9, 2017, Defendants filed a motion to dismiss Espinosa's Complaint, which motion the Court now considers. ECF No. 9.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this standard is not a probability requirement, "where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). In determining whether a plaintiff has met this plausibility standard, the Court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III.  DISCUSSION[1]

Defendants argue that Espinosa's First through Fourth, Seventh, and Ninth causes of action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, that Espinosa's complaint fails in its entirety because it is a shotgun pleading, and that Espinosa lacks standing to pursue injunctive or declaratory relief. See ECF No. 9.

### A.  Espinosa's First Cause of Action

Espinosa's First Cause of Action alleges that Defendants violated 15 U.S.C. § 1681b(b)(2)(A) by "procur[ing] or [caus[ing] to be prepared credit and background reports" without providing "a clear and conspicuous disclosure" "in a document that consists solely of the

---

[1] While Defendants originally argued that Espinosa's First through Fourth causes of action must be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) because she lacks standing under Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), they concede in their reply brief that the Ninth Circuit's recent opinion in Syed v. M-I, LLC, --- F.3d ---, 2017 WL 242559, at *4 (9th Cir. Jan. 20, 2017) negates this argument. ECF No. 14 at 5. The Court does not address the argument further.

disclosure." ECF No. 1 ¶¶ 25-26, 30.

Defendants contend Plaintiff's claim fails because she has not alleged facts showing that either of the Defendants "ever actually procured or caused to be prepared any credit or background reports related to Espinosa." ECF No. 9 at 15. Plaintiff concedes that Defendants' actual procurement of her background check is pled "on information and belief," yet argues that the Complaint is sufficient in this respect because it is "plausible" that, based on the fact that Defendants required a background check authorization as part of their employment application, Defendants actually ordered a report. ECF No. 13 at 3-4.

The Court agrees that this "contention can be tested in discovery." Id. at 4. Defendants' reliance on Singleton v. Domino's Pizza, LLC, 2012 WL 245965, at *7 (D. Md. Jan. 25, 2012) is misplaced. In that case, while addressing a statute of limitations argument, the court noted that "the violation was not complete until Domino's . . . actually obtained Plaintiffs' consumer reports," and concluded that "until these background checks were performed, no violation of § 1681b(b)(2) had occurred." Id. (citing 15 U.S.C. § 1681b(b)(2)). While it may be true that no violation occurs until the reports are procured, the plaintiffs in the cases Defendants cite were aware that background checks were procured because the defendants' direct communications with them told them so. See Singleton, 2012 WL 245965, at *2 (explaining that Defendants sent a letter to Plaintiff informing him that a consumer report is required as part of the employment selection process, and later informing him they had procured such a report). In this case, whether Defendants actually procured the background checks Plaintiff was required to authorize is information within the control of Defendants that must be confirmed in discovery. The allegation that they did so is plausible. If discovery reveals that no reports were procured, then that will probably be the end of that. At a minimum, Defendants will be free to argue that "no violation of § 1681b(b)(2) . . . occurred." Singleton, 2012 WL 245965, at *7.

Espinosa's First Cause of Action is sufficient to state a claim.

### B. Espinosa's Second Cause of Action

Defendants argue that Espinosa's Second Cause of Action fails because she does not clearly allege a violation of FCRA section 1681d(a)(1). That section requires that whenever an

4

employer requests an investigative consumer report, it must notify the consumer in writing within three days of the request. It also requires that the notification include a "written summary of . . . rights" that discloses certain information detailed in section 1681g(c). ECF No. 9 at 16. Defendants argue that to state a claim Espinosa must "specifically allege that [a specific defendant] violated the statutes in question, and did so willfully," id. (citing Coleman v. Kohl's Dep't Stores, Inc., No. 15-2588, 2015 U.S. Dist. LEXIS 135746, *19-20 (N.D. Cal. Oct. 5, 2015)). Defendants argue that Espinosa only conclusorily states that they did not comply with Section 1681d(a)(1), without any supporting facts that a consumer report was requested or that Defendants acted willfully. ECF No. 9 at 16.

This argument is contradicted by the plain language of the complaint, which lists several violations of section 1681g(c). Section 1681d(a)(1) incorporates section 1681g(c) by reference. ECF No. 1 at ¶¶ 46-51. This claim is adequately pleaded.

### C. Espinosa's Third Cause of Action

Defendants argue that "[j]ust as with Espinosa's FCRA claim, there cannot be a violation under ICRAA § 1786.16(a)(2) if an investigative consumer report is never actually procured or caused to be prepared. ECF No. 9 at 17 (citing Cal. Civ. Code § 1786.16(a)(2)). Again, the Court finds that whether or not Defendants procured an investigative consumer report may be tested in discovery.

Defendants also move to limit the relief available to the class to actual damages, as opposed to statutory damages. This limitation is contained in the statute. See Cal. Civ. Code § 1786.50(a)(1). Plaintiff argues that such a limitation is prohibited by Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co., 559 U.S. 393 (2010), but misstates the holding of that case. In fact, the Supreme Court declined to reach the question. See id. at 401 ("We need not decide whether a state law that limits the remedies available in an existing class action would conflict with Rule 23."). Accordingly, the Court will follow California state law as written.

### D. Espinosa's Fourth Cause of Action

Defendants argue that "[j]ust as with Espinosa's FCRA claim, there cannot be a violation of CCRAA § 1785.20.5 if a consumer credit report has not actually been procured or caused to be

5

1  prepared." ECF No. 9 at 17 (citing Cal. Civ. Code § 1785.20.5(a). For the reasons already stated, the Court rejects this argument, and finds this claim adequately pleaded.

### E. Espinosa's Seventh Cause of Action

Defendants argue that Espinosa fails to allege facts sufficient to support her claim for failure to pay final wages at separation pursuant to California Labor Code section 203. ECF No. 9 at 17. That section provides, in relevant part, that "[i]f an employer willfully fails to pay, without abatement or reduction . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid . . . but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203. Defendants argue that Espinosa has not adequately alleged Defendants' willfulness. ECF No. 9 at 17, citing to Brown v. Wal-Mart Stores, Inc., No. 08-5221, 2013 WL 1701581, at *5, n.4 (N.D. Cal. Apr. 18, 2013) for the proposition that "conclusory allegations of willfulness, without further factual support, are insufficient" in a derivative final pay claim. Id.

Although the quoted statement in Brown was dictum,[2] the Court agrees that Plaintiff must plead facts to support her allegations of willfulness under Labor Code § 203, which she has not done. See ECF No. 1 ¶ 134. Plaintiff's argument that the willfulness inquiry under Labor Code § 203 is objective rather than subjective, and therefore "a trier of fact can determine whether it was reasonable for Defendants to not pay for security checks or whether it was reasonable for Defendants to not include non-discretionary bonuses in the regular rate to calculate overtime pay," does not address this deficiency. ECF No. 13 at 6 (citing FEI Enter's, Inc. v. Kee Man Yoon, 194 Cal. App. 4th 790, 802 (2011)). FEI did not even involve a case under Section 203,[3] and it certainly did not hold that no factual support is necessary to state a claim. FEI, 194 Cal. App. 4th at 802. Espinosa's Seventh Cause of Action is dismissed with leave to amend.

---

[2] See id. ("The Court *thus need not address plaintiffs' claims per Cal. Lab. Code § 203*, but notes that it agrees with Wal–Mart's assertion that conclusory allegations of willfulness, without further factual support, are insufficient." (emphasis added)).

[3] The FEI court discussed two other cases that did arise under section 203, Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1 (Ct. App. 1981) and Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157 (2008), in order to address an issue not present in this case. FEI Enterprises, 194 Cal. App. 4th at 802.

### F. Espinosa's Ninth Cause of Action

Espinosa's Ninth Cause of Action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") is premised on two separate claims: (i) failure to pay all compensable time spent during security checks, and (ii) failure to keep accurate records of all hours worked. ECF No. 1 at ¶¶ 158-159.

Plaintiff now concedes that security checks are "noncompensable postliminary activities" and therefore not compensable under the FLSA. ECF No. 13 at 5; Integrity Staffing Solutions, Inc. v. Busk, 135 S. Ct. 513, 518 (2014). Moreover, while Plaintiff believes she still has a claim based on overtime and minimum wage allegations, she states herself that "the complaint admittedly could be clearer on this point," and therefore the Court will dismiss Espinosa's Ninth Cause of Action with leave to amend.[4]

### G. Shotgun Pleading

Lastly, Defendants argue Plaintiff engaged in impermissible "shotgun pleading" by lumping both Defendants together and by reciting a collection of general allegations and then incorporating into each count "every antecedent allegation by reference[.]" ECF No. 9 at 22 (quoting Sollberger v. Wachovia Sec., LLC, 2010 WL 2674456, at *5 (C.D. Cal. June 30, 2010)). The Court agrees with Plaintiff that the parent-subsidiary relationship in this case distinguishes it from the facts of Sollberger, and that discovery will allow Plaintiff to be more specific about which Defendant did what. Moreover, a complaint does not employ impermissible shotgun pleading just because it re-alleges by reference all of the factual paragraphs preceding the claims for relief. See SEC v. Bardman, No. 16-cv-02023-JST, 2016 WL 6276995, at *6 (N.D. Cal. Oct. 27, 2016). In addition to re-alleging preceding paragraphs of the complaint, Plaintiff makes clear the factual basis supporting each count. The Court declines to dismiss Plaintiff's entire complaint

---

[4] Defendants also point out that Espinosa's FLSA claim may not be premised on the alleged failure "to keep required, accurate records of all hours worked" under 29 U.S.C. § 211(c), because the FLSA "does not authorize employee suits for violations of the FLSA's recordkeeping requirements." ECF No. 1 ¶ 159; ECF No. 9 at 21 (quoting Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 843 (6th Cir. 2002)). Plaintiff does not respond to this point, and Defendants are correct. See also Duff-Brown v. City & Cty. of San Francisco, No. C11-3917 TEH, 2013 WL 163530, at *6 (N.D. Cal. Jan. 15, 2013).

based on allegations of shotgun pleading.[5]

## CONCLUSION

For the above stated reasons, the Court grants Defendants' Motion to Dismiss with regard to Espinosa's Seventh and Ninth causes of action without prejudice, and to her claims for injunctive and declaratory relief with prejudice.  Defendants' motion is denied with regard to Espinosa's First through Fourth causes of action.

IT IS SO ORDERED.

Dated:  March 22, 2017

_____
JON S. TIGAR
United States District Judge

---

[5] Espinosa does not dispute that she lacks standing to pursue injunctive and declaratory relief because she is a former, rather than current, employee.  See Caselman v. Pier 1 Imps. (U.S.), Inc., No. 14-CV-02383-LHK, 2015 WL 106063, at *2-3 (N.D. Cal. Jan. 7, 2015).  To the extent Espinosa seeks injunctive or declaratory relief, those claims are dismissed with prejudice.  See ECF No. 1 ¶¶ 40, 84, 153.