# EXHIBIT A

1  AARON C. GUNDZIK (State Bar No. 132137)
   REBECCA G. GUNDZIK (State Bar No. 138446)
2  GARTENBERG GELFAND HAYTON LLP
   15260 Ventura Blvd., Suite 1920
3  Sherman Oaks, CA 90017
   Telephone: (213) 542-2100
4  Facsimile:  (213) 542-2101

5  MARSHALL A. CASKEY (State Bar No. 65410)
   DANIEL M. HOLZMAN (State Bar No. 176663)
6  CASKEY & HOLZMAN
   24025 Park Sorrento, Ste. 400
7  Calabasas, CA  91302
   Telephone: (818) 657-1070
8  Facsimile:  (818) 297-1775

9  Attorneys for Plaintiff Dionne Hamilton,
   Individually and on behalf of all
10 others similarly situated

11 JULIA AZRAEL
   LAW OFFICES OF JULIA AZRAEL
12 5200 Lankershim Blvd., Suite 850
   North Hollywood, CA 91601
13 Tel:  (818) 766-5177

14 Attorneys for Defendant Bluemercury, Inc.

15            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16               **FOR THE COUNTY OF LOS ANGELES**

17 DIONNE HAMILTON, individually and on        ) Case No.: BC625829
   behalf of all others similarly situated,    ) *Assigned for all purposes to:*
18                                              ) *Judge Carolyn B. Kuhl, Dept. 309*
                                                )
19          Plaintiff,                          ) **STIPULATION OF CLASS ACTION**
                                                ) **SETTLEMENT**
20            vs.                               )
                                                )
21 BLUEMERCURY, INC., a Delaware               )
   corporation; and DOES 1 through 25,         )
22                                              )
            Defendants.                         )
23                                              ) **Case filed: July 1, 2016**

24

25

26

27

28

                                    1
               STIPULATION OF CLASS ACTION SETTLEMENT

## I.    INTRODUCTION AND SUMMARY OF SETTLEMENT TERMS

This action was brought by Plaintiff Dionne Hamilton ("Plaintiff"), individually and on behalf of all non-exempt California employees of Defendant Bluemercury, Inc. ("BMI" or "Defendant") who were hired by Defendant on or before March 31, 2017 and worked for Defendant in California at any time between July 1, 2012 and the Preliminary Approval Date. In her Complaint, Plaintiff alleges causes of action against Defendant for (1) Failure to pay minimum wage; (2) Failure to pay wages earned; (3) Inaccurate wage statements in violation of Labor Code section 226; (4) Failure to pay overtime; (5) Failure to provide meal and rest breaks; (6) Failure to pay all wages due at the time of termination; (7) Failure to reimburse for expenses; and (8) Violation of California Business & Professions Code section 17200. Defendant denies that it violated California law and denies that it owes Plaintiff and the other employees on whose behalf the lawsuit was filed any additional wages, penalties, or other relief.

Under the terms of the Settlement, and pending a finding of final approval pursuant to California Rule of Court 3.769(a), Defendant will pay a gross settlement amount of eight hundred ninety-five thousand dollars ($895,000) ("Gross Settlement Amount"), plus the employer's share of payroll taxes. The Settlement will be administered by CPT Group ("Settlement Administrator"). Until distribution, the Gross Settlement Amount will be held in an Escrow Account established by the Settlement Administrator. This is an opt-out settlement, and Class Members (as defined in Section II) will receive a settlement payment unless they opt-out of the settlement. Class Members shall not be required to submit a claim form.

The Parties agree that the following disbursements will be made from the Gross Settlement Amount, subject to Court approval at the final approval hearing:

A.    Settlement Administration Costs, estimated to be $7,000.

B.    Class Counsel's Attorneys' Fees, to be approved by the Court, in an amount not to exceed two hundred and ninety-eight thousand three hundred and thirty-three dollars ($298,333), which is one-third of the Gross Settlement Amount;

C.     Class Counsel's reasonable and actual litigation costs, as approved by the Court, currently estimated to be $15,000;

D.     A Service and Release Award to the Representative Plaintiff in the amount of $10,000 as payment for her time and efforts in pursuing this Action and for the broader release that she will be providing to Defendant;

E.     The remainder of the Gross Settlement Amount (the "Net Settlement Amount") will be distributed to Settlement Class Members based on the methodology discussed in section IV.J.1, below. It is estimated that the Net Settlement Amount will be approximately $564,667 after deductions for Class Counsel's Attorneys' Fees, Class Counsel's Costs, Settlement Administration Costs, and the Service and Release Award.

Defendant represents that it has employed approximately 220 Class Members who worked Qualifying Workdays during the Settlement Class Period.

## II.    DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings set forth below:

A.     "Action" means this putative class action titled Los Angeles Superior Court *Hamilton v. Bluemercury, Inc.*, Case Number BC 625829.

B.     "Agreement" or "Stipulation" means this Stipulation of Class Action Settlement.

C.     "Class" means all current and former non-exempt employees of Defendant in California who were hired on or before March 31, 2017 and worked for Defendant in California at any time between July 1, 2012 and the Preliminary Approval Date. Defendant represents that there are approximately 220 Class Members.

D.     "Class Counsel" means Aaron C. Gundzik and Rebecca G. Gundzik, Gartenberg Gelfand Hayton LLP, 15260 Ventura Blvd, Suite 1920, Sherman Oaks, CA 91403, (213) 542-2100, and Daniel M. Holzman, Caskey & Holzman, 24025 Park Sorrento, Ste. 400, Calabasas, CA 91302, (818) 657-1070.

//

E. "Class Counsel's Attorneys' Fees" means the amount to be paid to Class Counsel for attorneys' fees, subject to Court approval at the final approval hearing.

F. "Class Counsel's Costs" means the amount to be reimbursed to Class Counsel for their costs and expenses incurred in the case, subject to Court approval at the final approval hearing.

G. "Class Member" is a person who is a member of the Class.

H. "Complaint" means the Complaint on file in the Action.

I. "Court" means the Superior Court of the State of California, in and for the County of Los Angeles, where the Action is pending.

J. "Defendant's Counsel" means the Law Offices of Julia Azrael, 5200 Lankershim Blvd., Suite 850, North Hollywood, CA 91601.

K. "Effective Date" means the date of entry of a Final Judgment which grants final approval of this Settlement, if no Objection to Settlement is filed and Plaintiff and Class Counsel waive their rights to appeal the Final Judgment. If a timely Objection to Settlement is filed, "Effective Date" shall be the later of: (a) the date on which the time for all appeals relating to Objections to Settlement and the Final Approval Order has expired; or (b) if an appeal, review or writ is sought, the date on which the highest reviewing court renders its decision denying any petition (where the immediately lower court affirmed the Final Judgment) or affirming the Final Judgment.

L. "Escrow Account" means a federally insured bank account to be established by the Settlement Administrator into which all payments from Defendant related to this Settlement will be deposited and from which all payments authorized by the Court will be made. Such Escrow Account will be established prior to Defendant's deposit of the Gross Settlement Amount.

M. "Final Approval Order" means the Order Granting Final Approval of Class Action Settlement and Judgment entered by the Court.

N. "Gross Settlement Amount" means eight hundred ninety-five thousand dollars ($895,000), which Defendant will pay under this Settlement.

4

O.    "Net Settlement Amount" means the amount remaining from the Gross Settlement Amount after payments of Court-approved Class Counsel's Attorney's Fees and Class Counsel's Costs, Service and Release Award to the Representative Plaintiff, and Settlement Administration Costs.

P.    "Notice of Settlement" means the "Notice of Proposed Class Action Settlement and Final Approval Hearing," the form of which is attached hereto as Exhibit A.

Q.    "Objection to Settlement" means any written objection to this Settlement sent by a Settlement Class Member to the Settlement Administrator as specified herein and in the Notice of Settlement. An Objection to Settlement must be sent to the Settlement Administrator within the time limitations set forth in this Stipulation.

R.    "Parties" means the Representative Plaintiff, Class Members, and Defendant BMI.

T.    "Preliminary Approval Date" is the date the Court grants preliminary approval of this Settlement pursuant to California Rule of Court 3.769(c).

U.    "Qualifying Workday" means a day that a Class Member punched in and worked for Defendant during the Settlement Class Period.

V.    As determined by the Court, "Released Claims" means any and all claims, liens, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, interest, equitable relief, or causes of action, of any nature whatsoever, that either were or could have been asserted or sought based on or arising from the facts alleged in the Complaint (including, without limitation, (1) failure to pay wages, including but not limited to minimum wages and overtime, (2) failure to provide compliant meal and rest breaks, (3) inaccurate wage statements, (4) failure to pay unpaid wages at time of separation, (5) failure to reimburse for expenses incurred during employment, and (6) violations of Business & Professions Code §§ 17200 et seq.)).

W.    "Released Parties" means Defendant Bluemercury, Inc. and its current and former parents, subsidiaries, sister companies, and affiliates (regardless of tier), and their agents, attorneys, insurers, shareholders, partners, officers, directors, managers, and

employees, but only as to the Released Claims.

X.   "Representative Plaintiff" means Dionne Hamilton.

Y.   "Request for Exclusion" means a written request by a Class Member to be excluded from the Settlement Class that is submitted in accordance with the procedure set forth herein.

Z.   "Service and Release Award" means the payment to be made to the Representative Plaintiff for her service to the Class and for the broader general release that she is providing to Defendant, which is in addition to whatever payment she otherwise would be entitled to receive as a Settlement Class Member.  The Service and Release Award is subject to Court approval.

AA.   "Settlement" means the disposition of the Action and all related claims effectuated by this Agreement.

BB.   "Settlement Administration Costs" means the fees and costs incurred or charged by the Settlement Administrator in connection with the execution of its duties under this Agreement including, but not limited to fees and costs associated with: (1) establishing and maintaining the Escrow Account; (2) preparing, issuing and/or monitoring reports, filings, and notices (including the cost of printing and mailing all notices and other documents to the Class Members) required to be prepared in the course of administering the Settlement; (3) computing the amount of the settlement payments, taxes, and any other payments to be made under this Agreement; (4) handling inquiries about the calculation of individual settlement payments;  (5) establishing and operating a settlement payment center website, address, and phone number to receive Class Members' inquiries about the Settlement; (6) providing a due diligence declaration for submission to the Court prior to the final approval hearing; (7) printing and providing Settlement Class Members and the Plaintiff with W-2 and 1099 forms as required under this Agreement and applicable law; (8) preparing, issuing, and filing any tax returns and information returns and any other filings required by any governmental taxing authority or other governmental agency; and (9) for such other tasks as the Parties mutually

STIPULATION OF CLASS ACTION SETTLEMENT

1  agree or the Court orders the Settlement Administrator to perform.  Settlement Administration

2  Costs will be paid out of the Gross Settlement Amount.

3       CC.  "Settlement Administrator" refers to CPT Group.

4       DD.  "Settlement Class" means all Class Members who have not timely submitted

5  a valid and complete Request for Exclusion.

6       EE.  "Settlement Class Member" is a person who is a member of the Settlement

7  Class.

8       FF.  "Settlement Class Period" means from July 1, 2012 until the Preliminary

9  Approval Date.

10  **III.  BACKGROUND**

11       During the Settlement Class Period, BMI has operated spa and beauty supply facilities

12  in California. Class Members are non-exempt employees who worked for Defendant in

13  California during the Settlement Class Period.  Plaintiff contends that Class Members who

14  were employed by Defendant as estheticians were not separately paid for their non-productive

15  time, as required by Labor Code section 226.2. Plaintiff also contends that Class Members

16  who worked for Defendant as estheticians, sales associates, and store managers were, among

17  other things, not paid for off the clock work, were denied compliant meal and rest breaks,

18  were not reimbursed for expenses, including mobile phone expenses, were not provided with

19  accurate wage statements, and were not paid for all wages earned during employment and

20  upon termination. Defendant contends that, among other things, all Class Members were

21  properly paid for all work within the required time frame, that all expenses incurred by Class

22  Members were reimbursed, that Class Members were provided with compliant meal and rest

23  breaks, and that all wage statements accurately reflected the information required by Labor

24  Code section 226.

25       The Parties have undertaken significant investigation and informal discovery during

26  the prosecution of this Action. Such discovery and investigation include extensively

27  interviewing the Representative Plaintiff and other Class Members and Defendant's

28  production and Plaintiff's counsel's review of personnel records, policy manuals, and other

detailed information relevant to the Class Members' claims. Counsel for the Parties have investigated the law as applied to the facts discovered regarding the alleged claims of the Class and potential defenses thereto, and the potential damages claimed by the Class, including the review of the records produced by Defendant to Class Counsel for the purposes of mediation and with an eye towards class certification. Class Counsel has also analyzed this documentation to determine the scope of Class damages.

The Parties' attorneys have engaged in extensive discussions about the strengths and weaknesses of the claims and defenses in the Action. On March 6, 2017, the Representative Plaintiff and Class Counsel, and Defendant and Defendant's Counsel, attended a mediation session before an experienced and well-regarded mediator, Gig Kyriacou. The mediation resulted in a mediator's proposal, the terms of which the parties subsequently accepted, and which sets forth the principle elements of this Agreement.

Plaintiff and Class Counsel have concluded, after considering the sharply disputed factual and legal issues involved in this Action, the risks attending further prosecution, and the substantial benefits to be received pursuant to the compromise and settlement of the Action as set forth in this Agreement, that this Settlement is in the best interests of the Representative Plaintiff and the Settlement Class and is fair and reasonable.

Similarly, Defendant has concluded that there are benefits associated with settling this Action. After considering the sharply disputed factual and legal issues involved in the Action, the expense and burden of protracted litigation, and its desire to put the controversy to rest, Defendant believes that this Settlement is in Defendant's best interests and is fair and reasonable.

This Settlement contemplates: (i) entry of an order preliminarily approving the Settlement and approving certification of a provisional Class for settlement purposes only, contingent upon final approval of the Settlement; (ii) entry of a Final Approval Order granting final approval of the Settlement in the Action; and (iii) entry of final judgment.

//

//

## IV.     SETTLEMENT APPROVAL AND IMPLEMENTATION PROCEDURE

### A.     Preliminary Approval of Settlement

As soon as practicable, Class Counsel and Defendant's Counsel will submit this Stipulation to the Court for preliminary approval. Such submission will include such motions, pleadings, and evidence as may be required for the Court to determine that this Agreement is fair and reasonable, as required by California Code of Civil Procedure section 382 and California Rule of Court 3.769, including a motion filed by Class Counsel requesting that the Court enter a preliminary approval order. Such submission will also include a proposed order. Defendant shall not oppose Class Counsel's motion for preliminary approval of the settlement. Defendant may, however, provide a written response to any characterization of the law or facts contained in the motion for preliminary approval.

The Parties have agreed to the certification of the Class for the sole purposes of effectuating this Settlement. Should the Settlement be terminated for any reason, or should the Settlement not be approved by the Court or the judgment not become final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in this Action, and in any of those events, Defendant expressly reserves the right to oppose class certification. Additionally, if the Settlement does not become final, this Agreement and all negotiations, court orders, and proceedings related thereto shall be without prejudice to the rights of all Parties hereto, and evidence relating to the Agreement and all negotiations shall not be admissible in the Action or otherwise.

Should the Court decline to conditionally certify the Class or to preliminarily approve all material aspects of the Settlement, the Settlement will be null and void and the Parties will have no further obligations under it.

If the Court grants preliminary approval but does not grant final approval of the Settlement, then the preliminary approval order shall be vacated in its entirety, unless the Court orders otherwise.

### B.     Cooperation

1    The Parties agree to fully cooperate with each other to accomplish the terms of this

2    Agreement, including but not limited to, execution of such documents and to take such other

3    reasonably necessary action to implement the terms of this Agreement.  No party, nor any of

4    its attorneys or agents, shall solicit or encourage any Class Member to opt out of or object to

5    the Settlement.

6    **C.    Notice of Settlement**

7        As soon as practicable, but no later than ten (10) calendar days after the Preliminary

8    Approval Date, Defendant will provide the Settlement Administrator with a list in an

9    electronic form acceptable to the Settlement Administrator, containing each Class Member's

10   full name, employee ID number while employed with Defendant (if applicable), last known

11   address, telephone number, email address (if known), social security number, and number of

12   Qualifying Workdays worked by such Class Member.  This information will remain

13   confidential and will not be disclosed to anyone, except as required to applicable taxing

14   authorities, pursuant to Defendant's express written authorization, by order of the Court, or as

15   otherwise provided for in this Agreement.

16       Using this information, the Settlement Administrator will: (1) finalize and print the

17   Notice of Settlement; (2) check all addresses against the National Change of Address

18   database; and (3) within ten (10) calendar days of receiving the Class Members' information,

19   send to each Class Member via First-Class United States mail a Notice of Settlement to the

20   most recent address known for each Class Member. It will be conclusively presumed that if

21   an envelope so mailed has not been returned within fifteen (15) calendar days of the mailing,

22   the Class Member received the Notice of Settlement.  In addition to mailing, the Settlement

23   Administrator will provide a copy of the Notice of Settlement to Class Members using any

24   email addresses that have been provided Defendant.

25       If the size of the Class, as determined by the Class information sent to the Settlement

26   Administrator by Defendant, exceeds 220 members, Plaintiff will have the right, at her option

27   and in her sole discretion, to void the Settlement.  Plaintiff must exercise this right within

28   fifteen (15) days of receiving from the Settlement Administrator a report of the total number

of Class Members to whom a Notice of Settlement will be sent. If Plaintiff exercises her right to void the Settlement, Plaintiff shall pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that Plaintiff exercises her right to void the settlement.

**D.      Re-Sending Class Notices**

In the event that Defendant's Counsel or Class Counsel becomes aware of new addresses for any Class Member, prior to the filing of the motion for final approval, such information must immediately be communicated to the Settlement Administrator. The Settlement Administrator will then re-send a Notice of Settlement to the Class Member(s) at the new address.

For any Notice of Settlement that is returned as undeliverable, the Settlement Administrator will perform a utility database search. The returned Notices of Settlement will be re-mailed to the new addresses obtained for such Class Members. Such searching and re-mailing will be completed within fifteen (15) calendar days of the date that Notices of Settlement were originally mailed. Notwithstanding anything to the contrary in this Stipulation, no Notice of Settlement shall be re-sent to a Class Member less than 45 days before the date set for hearing Plaintiff's Motion for Final Approval. It will be conclusively presumed that if an envelope so re-mailed has not been returned within fifteen (15) calendar days of re-mailing, the Class Member received the Notice of Settlement.

**E.      Requests for Exclusion (Opt-Outs)**

Any Class Member who wishes to be excluded from the Settlement must notify the Settlement Administrator in writing of his or her desire to be excluded by mailing his or her own written statement to the Settlement Administrator that clearly expresses such desire and is signed by such Class Member. Any such statement shall include the Class Member's name (and former names, if any), current address, telephone number, and last four numbers of the Class Member's social security number. To be valid, the Request for Exclusion must be postmarked no later than forty-five (45) days after the original date of the Settlement Administrator's mailing of the Notice of Settlement or re-mailing for Class Members whose Notices of Settlement were re-mailed. Any Class Member who submits a valid and timely

1 | request to be excluded from the Settlement shall be barred from participating in this

2 | Settlement, shall be barred from objecting to this Settlement, and shall receive no benefit from

3 | this Settlement.

4 |       Any Class Member who fails to submit a timely, complete, and valid Request for

5 | Exclusion shall be barred from opting out of the Settlement. It shall be conclusively presumed

6 | that, if a Request for Exclusion is not postmarked on or before the expiration of the period to

7 | submit a Request for Exclusion, the Class Member did not make the request in a timely

8 | manner. Under no circumstances shall the Settlement Administrator have the authority to

9 | extend the deadline for Class Members to file a Request for Exclusion.

10 |       Unless a Class Member submits a timely, complete, and valid Request for Exclusion,

11 | he or she shall be bound by the terms and conditions of this Agreement. The releases provided

12 | for in this Agreement shall conclusively preclude any Settlement Class Member from

13 | asserting any of the Released Claims against any of the Released Parties in any judicial,

14 | administrative, or arbitral forum.

15 |       If five percent (5%) or more of all Class Members timely submit complete and valid

16 | Requests for Exclusion, Defendant will have the right, in its sole discretion, to void the

17 | Settlement, including any obligation by Defendant to pay the Gross Settlement Amount.

18 | Defendant must exercise this right within fifteen (15) days of receiving from the Settlement

19 | Administrator a report of the final number of valid Requests for Exclusion. In the event

20 | Defendant exercises its right to void the Settlement, Defendant shall pay the Settlement

21 | Administrator's reasonable fees and expenses incurred as of the date that Defendant exercises

22 | its right to void the settlement.

23 |     **F.**    **Declaration of Compliance**

24 |       As soon as practicable, but no later than fifty-five (55) calendar days following the

25 | Preliminary Approval Date, the Settlement Administrator shall provide Class Counsel and

26 | Defendant's Counsel with a declaration attesting to completion of the notice process set forth

27 | in this Section IV, including an explanation of efforts to resend undeliverable notices returned

28 | with forwarding addresses, and a summary of Requests for Exclusion, which declaration shall

1  be filed with the Court by Class Counsel along with their papers requesting final approval of

2  the Settlement.

3       **G.**    **Sufficient Notice**

4      Compliance with the procedures described in this Section IV shall constitute due and

5  sufficient notice to Class Members of this Settlement and of the Final Fairness and Approval

6  Hearing, shall satisfy the requirements of due process, and nothing else shall be required of

7  the Representative Plaintiff, Class Counsel, Defendant, Defendant's Counsel, or the

8  Settlement Administrator to provide notice of the Settlement and the final fairness and

9  approval hearing.

10       **H.**    **Objections to Settlement**

11         **1.**    **Deadline for Objections**

12      Any Class Member wishing to object to the approval of this Settlement shall inform

13  the Settlement Administrator in writing of his or her intent to object by following the

14  procedure set forth in the Notice of Settlement within forty-five (45) calendar days of mailing

15  (or within forty-five (45) calendar days of any re-sending pursuant to Section IV(D)) of the

16  Notice of Settlement. Failure to strictly comply with this deadline will forever bar a Class

17  Member from objecting to the Settlement. A Class Member who does not submit a valid and

18  timely Request for Exclusion and who objects to the Settlement will still be considered a

19  Settlement Class Member.

20         **2.**    **Responses to Objections**

21      Class Counsel and Defendant's Counsel shall file any written objections from Class

22  Members submitted to the Settlement Administrator in accordance with this Agreement, and

23  Class Counsel's and Defendant's Counsel's responses to such objections, at least seven (7)

24  calendar days before the Final Fairness and Approval Hearing. Provided, however, if the

25  objection is received less than seven days before the Final Fairness and Approval Hearing,

26  Class Counsel and Defendant's Counsel may submit responses to any objections at the

27  hearing.

28       **I.**    **Final Fairness and Approval Hearing**

13

On the date set by the Court, a final fairness and approval hearing shall be held before the Court in order to: (1) determine whether the Court should give this Stipulation final approval; (2) determine whether Class Counsel's application for attorneys' fees and costs, and the Service and Release Payment to the Representative Plaintiff, should be granted; and (3) consider any timely Objections to Settlement, including Class Counsel's and Defendant's Counsel's responses thereto.  At the final fairness and approval hearing, the Representative Plaintiff, Class Counsel, and Defendant's Counsel shall ask the Court to give final approval to this Settlement. Upon final approval, the Court shall enter a Final Approval Order (in a form submitted by Class Counsel and approved by Defendant's Counsel) which has the effect of adjudicating all claims set forth in the Complaint and implementing the release of Released Claims, as set forth in this Agreement. The Final Approval Order will be posted on the Settlement Administrator's website.

**J.    Settlement Payments to Participating Settlement Class Members**

1.    Payments under this Settlement Agreement shall be made by the Settlement Administrator as follows, subject to Court approval at the final approval hearing: Defendant will determine the amount of each participating Settlement Class Member's "Qualifying Workdays" (as that term is defined in Section II herein). Twenty percent (20%) of the Net Settlement Amount shall be allocated to the claim for non-productive time (for damages, penalties, and interest) made on behalf of Class Members who worked as estheticians during the Settlement Class Period.  That amount shall be allocated to the Class Members who worked as estheticians during the Settlement Class Period using the following formula:

(Settlement Class Member's Qualifying Workdays When they Worked as an Esthetician ÷ All Workdays Worked by Estheticians) x 20% of Net Settlement Amount

The remaining eighty percent (80%) of the Net Settlement Amount shall be allocated to all of the Class Members, including those who worked as estheticians during the Settlement Class Period, using the following formula:

1   (Settlement Class Member's Qualifying Workdays ÷ All Qualifying

2   Workdays) x 80% of Net Settlement Amount

3   The Settlement Administrator, on Defendant's and Class Counsel's collective behalf,

4   shall have the authority and obligation to make payments, credits, and disbursements,

5   including payments and credits in the manner set forth herein, to participating Settlement

6   Class Members calculated in accordance with the methodology set out in this Agreement and

7   orders of the Court. No person shall have any claim against Defendant, Defendant's Counsel,

8   the Representative Plaintiff, the Class Members, or Class Counsel based on any errors or

9   omissions in the distributions and payments that are required to be made in accordance with

10  the terms of this Agreement.

11  The Parties acknowledge and agree that the formula used to calculate individual

12  settlement payments does not imply that all the elements of damages alleged in the Action are

13  not being considered.  The above formula was devised as a practical and logistical tool to

14  simplify the settlement process.

15  **2.   Inclusion of Qualifying Workdays and Settlement Payment**

16  **Information in Notice of Settlement.**

17  The Notice of Settlement sent to each Class Member shall state the amount of the Class

18  Member's Qualifying Workdays.  Each Notice of Settlement shall also include an estimate of

19  the Settlement Class Member's settlement payment as a member of the Class.

20  **3.   Eligibility**

21  Except for Class Members who exclude themselves (or opt-out) of the Settlement, all

22  Settlement Class Members will become eligible to receive a settlement payment from

23  Defendant, distributed through the Settlement Administrator.

24  Should any question arise regarding the determination of eligibility for, or the amounts

25  of, any settlement payments under the terms of this Agreement, Class Counsel and

26  Defendant's Counsel shall meet and confer in an attempt to reach agreement and, if they are

27  unable to do so, the issue shall be submitted to the Court for determination on an expedited

28  basis, through the submission of letter briefs of no more than three pages.

### 4. Disputes about Qualifying Workdays

If a Class Member disagrees with the number of Qualifying Workdays as stated in his or her Notice of Settlement, he or she may dispute that figure by informing the Settlement Administrator of the amount of Qualifying Workdays in dispute and submitting supporting documentation (such as, without limitation, payroll or time keeping records, and paycheck stubs) prior to the deadline for objecting to the Settlement. If there is a dispute, the Settlement Administrator will consult with Class Counsel and Defendant's Counsel to determine whether an adjustment is warranted. However, the Settlement Administrator shall have the sole discretion to determine any such disputes.

### 5. Allocation of Settlement Payments

Payment to each Settlement Class Member shall be allocated as follows: twenty-five percent shall be attributed to wages, to be reported on a W-2 form; twenty-five percent as reimbursement of expenses, twenty-five percent as penalties; and twenty-five percent as interest. The amount of expense reimbursement, interest, and penalties will be reported on an IRS Form 1099.

### 6. Payment of Employer's Share of Payroll Taxes.

The amount paid to each participating Settlement Class Member shall be net of the participating Settlement Class Member's share of all federal, state, and local taxes and required withholdings, including without limitation, FICA, Medicare tax, FUTA, and state unemployment taxes. The Employer's Withholding Share shall be paid by Defendant separately and in addition to Defendant's payment of the Gross Settlement Amount.

For each participating Settlement Class Member, the Settlement Administrator shall determine the amount of the employer's share of all federal, state, and local taxes and required withholdings, including without limitation, FICA, Medicare tax, FUTA, and state unemployment taxes ("Employer's Withholding Share"). Information related to the Employer's Withholding Share for each participating Settlement Class Member shall be shared with Defendant by the Settlement Administrator. If Defendant disagrees with the Settlement Administrator's determination of the Employer's Withholding Share, it will

STIPULATION OF CLASS ACTION SETTLEMENT

1  communicate with and share information reasonably necessary to reach a good faith

2  determination of the correct Employer's Withholding Share. At the time determined by the

3  Settlement Administrator, Defendant shall separately make payment(s) for the Employer's

4  Withholding Share to the Settlement Administrator.

5  **7.    Payments to Participating Settlement Class Members**

6  Within twenty (20) days of the Effective Date, the Settlement Administrator will make

7  the settlement payments to Settlement Class Members based on the payment formula set forth

8  herein.

9  **K.    The Settlement Administrator**

10  The Settlement Administrator will perform the duties specified in this Stipulation and

11  any other duties incidental to such obligations.  The Settlement Administrator's duties shall

12  include, without limitation: preparing and distributing the Notice of Settlement; calculating

13  and directing the disbursement of payments to Settlement Class Members, Class Counsel, and

14  the Class Representative; calculating and timely paying any and all payroll taxes from the

15  wages portion of the Net Settlement Amount to the appropriate tax authorities, as required

16  under this Agreement and applicable law; handling inquiries about the calculation of

17  individual settlement payments;  preparing and filing any tax returns and information returns

18  and any other filings required by any governmental taxing authority or other governmental

19  agency; providing weekly status reports to the Parties' counsel; advising Defendant and Class

20  Counsel of any Class Members who submit objections and/or requests for exclusions from the

21  Settlement; providing a due diligence declaration for submission to the Court prior to the final

22  approval hearing; printing and providing Settlement Class Members and Plaintiff with W-2

23  and 1099 forms as required under this Agreement and applicable law; arranging for and

24  remitting funds from any uncashed settlement payment checks to the Department of Industrial

25  Relations; and for such other tasks as the Parties mutually agree or the Court orders the

26  Settlement Administrator to perform.   The Settlement Administrator shall establish a

27  settlement payment center address, telephone number, facsimile number, and email address

28  to receive Class Members' inquiries about the Notice of Settlement, requests to be excluded

from the Settlement and settlement payments, and shall post this Stipulation, the Preliminary Approval Order, and Final Approval Order on a dedicated static website.

The Parties confirm and Class Counsel and Defendant's Counsel confirm that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

**L.      Time for Payment by Defendant**

Within ten (10) calendar days after the Effective Date, Defendant shall wire the Gross Settlement Amount and Employer's Withholding Share to the Escrow Account.

If, after the Court enters a Final Approval Order, Defendant fails to timely pay the amounts required to satisfy its joint payment obligation under this Stipulation, Plaintiff, at her option, may either (1) declare the settlement terminated, in which case, Plaintiff may continue to prosecute her claims against Defendant, or (2) request that the Court enter judgment against Defendant and in favor of all Class Members who have not excluded themselves from the Settlement, pursuant to California Code of Civil Procedure section 664.6.

**M.      Payments to Class Counsel and the Representative Plaintiff**

Within twenty (20) calendar days of the Effective Date, the Settlement Administrator shall make payment from the Escrow Account to: (1) Class Counsel, both the Class Counsel's Attorneys' Fees and Class Counsel's Costs, awarded to Class Counsel by the Court; and (2) Plaintiff Dionne Hamilton, the Service and Release Award approved by the Court.  These payments will be reported on an IRS Form 1099.

**N.      Un-negotiated Settlement Payment Checks**

If any Class Member's settlement payment check has not been negotiated sixty (60) days after disbursement, the Settlement Administrator shall attempt to contact each individual to advise them to cash their checks, and to offer to replace any checks reported as either lost or stolen.  In attempting to contact such persons, the Settlement Administrator will only send notices by mail to the individuals' last known addresses (as provided by Defendant) after first checking those addresses against the NCOA database and utility database and by telephoning or emailing such persons, in the event that Defendant provides telephone numbers and/or

18

STIPULATION OF CLASS ACTION SETTLEMENT

email addresses for such persons.

If a Class Member's check is not cashed within 180 days, the check will be void and a stop payment order may be placed on the check.  In such event, the Settlement nevertheless will be binding upon the Settlement Class Member.  Approximately one year after the Effective Date, the amount of each uncashed Settlement Payment check shall be entirely distributed to the Department of Industrial Relations Labor Code § 96.7 Unpaid Wage Fund in the name of the individual Settlement Class Member, which will provide the Settlement Class Member a further opportunity to obtain their settlement payments.

**O.     Class Counsel Attorneys' Fees and Costs**

Defendant agrees to and will not oppose Class Counsel's application for an award of attorneys' fees of up to two hundred and ninety-eight thousand three hundred and thirty-three dollars ($298,333), which is one-third of the Gross Settlement Amount.

Defendant agrees to and will not oppose Class Counsel's application for an award of their reasonable litigation expenses and costs, which are currently estimated to be $15,000.

Class Counsel's Attorney's Fees and Class Counsel's Costs, as awarded by the Court, shall be paid from the Gross Settlement Amount.

Upon the payment of the Court-approved amount of Class Counsel's Attorneys' Fees and Class Counsel's Costs, and except as otherwise provided by this Stipulation, Class Counsel waives any claim to costs and attorneys' fees and expenses against Defendant arising from or related to the Action, including but not limited to claims based on the California Labor Code, the California Code of Civil Procedure, or any other statute or law.  Provided, however, nothing in this Agreement shall prevent Class Counsel from seeking additional fees for enforcing the terms of this Stipulation and investigating and recovering amounts owed under this Agreement. The preceding sentence is not an acknowledgment by Defendant that Class Counsel would be legally entitled to any such recovery of fees and the parties agree that Defendant reserves all rights to oppose any such claim for additional attorney's fees.

**P.     Taxes**

  **1.     Withholding and Reporting Requirements**

The Settlement Administrator shall be responsible for ensuring that all taxes owed by Settlement Class Members for amounts received pursuant to this Settlement are timely paid to the appropriate tax authorities. The Settlement Administrator's responsibilities include the following: (a) filing all Federal, state, and local employment tax returns, tax withholding returns, and any other tax returns associated with the taxes, (b) timely and proper filing of all required Federal, state, and local information returns (e.g., 1099s, W-2s, etc.) with the appropriate taxing authorities, and (c) completion of any other steps necessary for compliance with any tax obligations of the settlement fund under Federal, state and/or local law. To verify the Settlement Administrator's compliance with the foregoing withholding and reporting requirements, as soon as administratively practicable, the Settlement Administrator shall furnish Class Counsel and Defendant's Counsel with copies of all filed tax returns and information returns (including all 1099 and W-2 information returns), and a final accounting adequate to demonstrate full compliance with all tax withholding, payment and reporting obligations.

  **2.     Circular 230 Disclaimer**

Each party to this Agreement (for purposes of this section, the "Acknowledging Party"; and each party to this Agreement other than the Acknowledging Party, and "Other Party") acknowledges and agrees that: (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) the Acknowledging Party (a) has relied exclusively upon his, her, or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement, (b) has not entered into this Agreement based upon the recommendation of any other party or any attorney or advisor to any other party, and (c) is not entitled to rely upon any communication or disclosure by any

attorney or adviser to any other party to avoid any tax penalty that may be imposed on the Acknowledging Party; and (3) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the Acknowledging Party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement.

## V.    LIMITATIONS ON USE OF THIS SETTLEMENT

### A.    No Admission of Liability

Neither the acceptance nor the performance by Defendant of the terms of this Stipulation nor any of the related negotiations or proceedings is or shall be claimed to be, construed as, or deemed a precedent or an admission by Defendant of the truth or merit of any allegations in the Complaint, or that it has any liability to the Representative Plaintiff or the Class Members on their claims. Defendant denies that it has engaged in any unlawful activity, has failed to comply with the law in any respect, or has any liability to anyone under the claims asserted in the Action.  This Agreement is entered into solely for the purpose of compromising highly disputed claims.

### B.    Nullification

If the Court for any reason does not approve this Settlement, this Stipulation shall be null and void and all Parties to this Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor filed with the Court.

Invalidation of any material portion of this Stipulation shall invalidate this Settlement in its entirety unless the Parties shall agree in writing that the remaining provisions shall remain in full force and effect.

## VI.    RELEASE

It is the desire of the Representative Plaintiff, Class Members (except those who exclude themselves from the Settlement), and Defendant to fully, finally, and forever settle, compromise, and discharge the Released Claims. Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this

21

Settlement Agreement, the Class Members shall fully release and discharge the Released Parties from any and all Released Claims that accrued during the Settlement Class Period. This release shall be binding on all Class Members who have not timely submitted a valid and complete Request for Exclusion, including each of their respective attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns, and shall inure to the benefit of the Released Parties.

## VII.   RELEASE BY THE REPRESENTATIVE PLAINTIFF

The Representative Plaintiff fully releases and forever discharges Defendant, the Released Parties, and Defendant's respective present and former officers, directors, employees, shareholders, members, agents, trustees, representatives, attorneys, insurers, parent companies, subsidiaries, divisions, affiliates, predecessors, successors, assigns, and any individual or entity that could be jointly liable with Defendant, from any and all claims, causes of action, damages, wages, benefits, expenses, penalties, debts, liabilities, demands, obligations, attorney's fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, exclusive of any workers compensation claims, including but not limited to (1) the Action and any claims arising out of or related to the Action, (2) any claims for wrongful termination, discrimination, harassment, and/or retaliation, (3) any act, omission, or occurrence in the Action and any claims arising out of or related to the Action taking place on or before the Effective Date of the Settlement, and (4) and any other form of relief or remedy of any kind, nature, or description whatsoever, whether premised on statute, contract, tort, or other theory of liability under state, federal, or local law.

The Representative Plaintiff hereby agrees that, notwithstanding § 1542 of the California Civil Code, all claims that the Representative Plaintiff may have, known or unknown, suspected or unsuspected, are hereby released.  Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Representative Plaintiff expressly waives the provisions of Section. 1542 with full knowledge and with the specific intent to release all known or unknown, suspected or unsuspected, claims arising on or before the Effective Date of the Settlement, and therefore specifically waives the provisions of any statute, rule, decision, or other source of law of the United States or of any state of the United States or any subdivision of a state which prevents release of unknown claims.

## VIII.   MISCELLANEOUS PROVISIONS

### A.   Amendments

This Settlement Agreement may only be modified or changed by a writing signed by the Parties or by their counsel.

### B.   Integrated Agreement

After this Stipulation is signed and delivered by all Parties to the Action and their counsel, this Stipulation and its exhibits will constitute the entire agreement between the Parties to the Action relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Stipulation or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Stipulation and its exhibits.

### C.   No Inducements

Plaintiff and Defendant acknowledge that they are entering into this Agreement as a free and voluntary act without duress or undue pressure or influence of any kind or nature whatsoever and that neither Plaintiff nor Defendant have relied on any promises, representations, or warranties regarding the subject matter hereof other than as set forth in this Stipulation.

### D.   No Prior Assignment

The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

**E.     No Retaliation or Advice**

Defendant agrees not to retaliate against any Class Member, and Defendant will not induce or offer any advice to any current or former employee to opt out of, or object to, the Settlement.

**F.     Attorney's Fees**

To the extent that any Party institutes any legal action, arbitration, or other proceeding to enforce the terms of the Settlement, the prevailing Party will be entitled to recover their reasonable attorneys' fees and costs from the other Party or Parties.

**G.     Applicable Law**

All terms and conditions of this Stipulation and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles.

**H.     Entry of Judgment Pursuant to Terms of Settlement**

The Parties agree that upon the Settlement of this case, the Court may enter judgment pursuant to the terms of this Settlement and the Court will retain jurisdiction over the Parties to enforce the Settlement until performance in full of the terms of the Settlement.

**I.     Notices**

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing, and shall be delivered personally or by first class mail to the undersigned persons at their respective addresses as set forth below:

//
//
//
//
//

STIPULATION OF CLASS ACTION SETTLEMENT

<u>CLASS COUNSEL</u>

| | |
|---|---|
| Aaron C. Gundzik | Daniel M. Holzman |
| Rebecca G. Gundzik | Caskey & Holzman |
| Gartenberg Gelfand Hayton LLP | 24025 Park Sorrento, Ste. 400 |
| 15260 Ventura Blvd, Suite 1920 | Calabasas, CA  91302 |
| Sherman Oaks, CA 91403 | Telephone: (818) 657-1070 |
| Telephone: (213) 542-2100 | Facsimile: (818) 297-1775 |
| Facsimile: (213) 542-2101 | |

<u>COUNSEL FOR DEFENDANT BLUEMERCURY, INC.</u>

Julia Azrael
Law Offices of Julia Azrael
5200 Lankershim Blvd., Suite 850
North Hollywood, CA 91601
Tel:  (818) 766-5177

**J.      Binding on Successors**

This Agreement shall be binding and shall inure to the benefit of the Parties to the Action and their respective successors, assigns, executors, administrators, heirs, and legal representatives.

**K.      Counterparts**

This Stipulation, and any amendments hereto, may be executed in any number of counterparts, each of which when executed and delivered shall be deemed to be an original and all of which taken together shall constitute the same instrument.

**L.      Warranties and Representations**

With respect to themselves, each of the Parties to this Action and or their agent or counsel represents, covenants, and warrants that they have full power and authority to enter into and consummate all transactions contemplated by this Stipulation and have duly authorized the execution, delivery, and performance of this Stipulation.

**M.      Representation by Counsel**

The Parties to this Action acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Stipulation, and that this Stipulation has been executed with the consent and advice of counsel.

//

**N.     Signatories**

It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Stipulation.  The Notice of Settlement will advise all Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation was executed by each member of the Settlement Class.

Dated: April 20, 2017

*Dionne Hamilton*
Dionne Hamilton

Dated: April __, 2017

BLUEMERCURY, INC.

By: _____

Its: _____

Approved as to form:

Dated: April __, 2017

LAW OFFICES OF JULIA AZRAEL

By: _____
Julia Azrael

Dated: April 21, 2017

GARTENBERG GELFAND HAYTON LLP

*Aaron C. Gundzik*
Aaron C. Gundzik

Attorneys for Plaintiff Dionne Hamilton, individually and on behalf of all others similarly situated

Dated: April 20, 2017

CASKEY & HOLZMAN

Daniel K. Holzman

Attorneys for Plaintiff Dionne Hamilton, individually and on behalf of all others similarly situated

26

**N.     Signatories**

It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Stipulation. The Notice of Settlement will advise all Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation was executed by each member of the Settlement Class.

Dated: April ___, 2017

_____
Dionne Hamilton

Dated: April ___, 2017                    BLUEMERCURY, INC.

By: _____
DANIEL BRASHEAR

Its: SVP, Corporate Development

Approved as to form:

Dated: April 21, 2017                     LAW OFFICES OF JULIA AZRAEL

By: _____
Julia Azrael

Dated: April ___, 2017                    GARTENBERG GELFAND HAYTON LLP

_____
Aaron C. Gundzik

Attorneys for Plaintiff Dionne Hamilton, individually and on behalf of all others similarly situated

Dated: April ___, 2017                    CASKEY & HOLZMAN

_____
Daniel M. Holzman

Attorneys for Plaintiff Dionne Hamilton, individually and on behalf of all others similarly situated

# Exhibit A

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING DATE FOR COURT APPROVAL
*Dionne Hamilton v. Bluemercury, Inc.*
Los Angeles County Superior Court Case No. BC625829

---

**If you are a current or former employee of Bluemercury, Inc., you may be entitled to receive money from a class action settlement.**

---

*The California Superior Court, County of Los Angeles authorized this notice.*
*This is not a solicitation from a lawyer.*

Please provide current address (if different) here:

_____

_____

_____

**THIS NOTICE MAY AFFECT YOUR RIGHTS.**
**PLEASE READ IT CAREFULLY.**

You are receiving this Notice because the Court has granted preliminary approval of a proposed settlement in a class action filed on behalf of current and former employees of Bluemercury, Inc. ("Bluemercury" or "Defendant"). The proposed settlement will resolve all Released Claims (defined below) against Defendant. A hearing addressing the fairness, adequacy, and reasonableness of the settlement will be held on [_____] to determine whether the settlement should receive the Court's final approval.

**If you are a member of the settlement class, you may receive a settlement payment and may be bound by the terms of the release described below. This Notice explains how much you may receive as a settlement payment. If you do not want to be part of the settlement class, then you must submit a Request for Exclusion (described below) no later than [45 days from mailing] otherwise you will be bound by the terms of the settlement.**

1.      **PURPOSE OF THIS NOTICE**

The Court has ordered that this Notice be sent to you because you have been identified as a potential member of the settlement class by Defendant's records. The purpose of this notice is to provide you with information about the lawsuit and the proposed settlement and to advise you of your options.

2.      **PERSON ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT**

The people eligible to receive a settlement payment (the "Settlement Class") includes all non-exempt current and former employees of Bluemercury from July 1, 2012 through March 31, 2017.

3.      **DESCRIPTION OF THE ACTION**

A former employee of Defendant, Dionne Hamilton, filed a class action complaint against Defendants in the Los Angeles County Superior Court on July 1, 2016. Her complaint was based on allegations that she and other employees were not properly compensated for all hours worked, were not provided with compliant meal and rest breaks and were not reimbursed for expenses incurred. Based on these facts and others, Plaintiff's complaint alleges causes of action for: (1) failure to pay minimum wage; (2) failure to pay wages earned; (3) inaccurate wage statements; (4) failure to pay overtime; (5) failure to provide meal and rest breaks (6) failure to pay all wages at time of discharge; (7) failure to reimburse for expenses; and (8) violation of California Business & Professions Code Sections 17200, et seq.

Defendant denies all of Plaintiff's allegations. Defendant contends that all employees have been properly compensated, that all employees were provided with the opportunity to take meal and rest breaks, that employees were reimburse for all expenses and that Defendant has complied with all wage statement reporting requirements under California law.

**FOR MORE INFORMATION CALL 1-800-_____.**

1

The Court has made no ruling on the merits of the alleged claims or the defenses asserted by Defendant. The Court has preliminarily approved the proposed settlement. The Court will decide whether to give final approval to the settlement at a hearing scheduled for _____ (the "Final Approval Hearing").

## 4.    WHO ARE THE ATTORNEYS REPRESENTING THE PARTIES?

Attorneys representing the class ("Class Counsel") are:

| | |
|---|---|
| Aaron C. Gundzik<br>Rebecca G. Gundzik<br>Gartenberg Gelfand Hayton LLP<br>15260 Ventura Blvd., Suite 1920<br>Sherman Oaks, CA 91403<br>Telephone: (213) 542-2100<br>Facsimile:  (213) 542-2101 | Daniel M. Holzman<br>Caskey & Holzman<br>24025 Park Sorrento, Ste. 400<br>Calabasas, CA  91302<br>Telephone: (818) 657-1070<br>Facsimile: (818) 297-1775 |

Attorneys representing Defendant are:

| | |
|---|---|
| Julia Azrael<br>John S. Curtis<br>Law Offices of Julia Azrael<br>5200 Lankershim Blvd., Suite 850<br>North Hollywood, CA 91601<br>Tel:  (818) 766-5177 | |

## 5.    THE TERMS OF THE PROPOSED SETTLEMENT

The following is a summary of the settlement provisions. The specific and complete terms of the proposed Settlement are stated in the Stipulation of Class Action Settlement ("Settlement Agreement"), a copy of which is filed with the Clerk of the Court. You can also obtain a copy of the Settlement Agreement from Class Counsel (see contact information in Section 4 above)

Defendants have agreed to pay $895,000.00 to settle any and all obligations for the claims alleged in the lawsuit. This amount is called the Gross Settlement Amount. The Gross Settlement Amount will be used to cover all payments to the settlement class, settlement administration costs, attorneys' fees and costs, and a service and release payment to the Plaintiff. All settlement administration costs, attorneys' fees and costs, and the service and release payment, will be deducted from the Gross Settlement Amount. The remaining amount will be distributed to class members who do not timely submit Requests for Exclusion, as discussed below.

(a)    Attorneys' Fees and Costs:  Under the settlement, Class Counsel may request up to $298,333, to compensate them for their work on the case, plus their reasonable costs and expenses of the litigation, currently estimated to be $15,000, for their reimbursement of the actual costs and expenses incurred. The attorneys' fees and costs will be deducted from the Gross Settlement Amount.

(b)    Service and Release Payment:  The Plaintiff is requesting a service and release payment in the amount of $10,000.00, in addition to the amount she will receive as a member of the class, to compensate him for undergoing the burden and expense of bringing and prosecuting the action, and for the broader release of claims he is required to execute. The service and release payment will be deducted from the Gross Settlement Amount.

(c)    Settlement Administration Costs:  The Settlement Administrator, CPT Group has advised the parties that the settlement administration costs will be $7,000. The settlement administration costs will be deducted from the Gross Settlement Amount.

(d)    Payments to Settlement Class Members:  The remainder of the Gross Settlement Amount (called the Net Settlement Amount) will be distributed to Settlement Class Members who do not exclude themselves from the settlement. The amount of each Settlement Class Member's share of the Net Settlement Amount will be calculated based upon the number of days the class member worked during the Class Period.

## 6.    WHAT YOU WILL RECEIVE UNDER THE SETTLEMENT

According to Defendants' records, you worked a total of ___ days during the Class Period. Under the settlement, you will receive approximately $_____.   This amount may increase or decrease based on various factors, including the amounts

**FOR MORE INFORMATION CALL 1-800-_____.**

2

approved by the Court for attorneys' fees and costs, settlement administration costs, service and release payment to Plaintiff, and disputes by other class members regarding their work days during the Class Period. **To receive this estimated amount you do not need to do anything. You will receive a settlement payment unless you exclude yourself from the settlement.**

## 7.     PAYMENT SCHEDULE

The Settlement Administrator will send out settlement checks to class members after the settlement is finally approved. You will have 180 days after the Settlement Administrator mails your settlement check to cash it; otherwise it will be voided and the amount of your settlement payment will be delivered to the State of California's Unclaimed Wage Fund and held by the state in your name. For tax purposes, 25% of your settlement payment shall be attributed to wages, to be reported on a W-2 form; 25% shall be attributed to penalties; 25% shall be interest and 25% shall be reimbursement of expenses. The amount of interest, penalties and reimbursed expenses will be reported on an IRS Form 1099.

Nothing in this Notice should be construed as providing you with tax advice. You should consult with your tax advisor concerning the tax consequences of the payment you receive.

## 8.     RELEASE OF CLAIMS

Unless you submit a valid Request for Exclusion (described below), you will release Bluemercury, Inc. and its current and former parents, subsidiaries, sister companies, and affiliates (regardless of tier), and their agents, attorneys, insurers, shareholders, partners, officers, directors, managers, and employees, from any and all claims, liens, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, interest, equitable relief, or causes of action, of any nature whatsoever, that either were or could have been asserted or sought based on or arising from the facts alleged in the Complaint (including, without limitation, (1) failure to pay wages, including but not limited to minimum wages and overtime, (2) failure to provide compliant meal and rest breaks, (3) inaccurate wage statements, (4) failure to pay unpaid wages at time of separation, (5) failure to reimburse for expenses incurred during employment, and (6) violations of Business & Professions Code §§ 17200 et seq.)).

This release is for conduct occurring from July 1, 2012 through **[preliminary approval date]**. The claims covered by this release are referred as the "Released Claims."

## 9.     YOUR OPTIONS

As a member of the settlement class you have several options. Each option will affect your rights, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, are explained below:

**(a)     You Can Do Nothing.**

If you do nothing, you will remain a member of the settlement class and will receive a settlement payment You will also be bound by the release of claims set forth in Section 8 above. The payment will remain valid and negotiable for one hundred and eighty (180) days from the date of the issuance. This deadline to cash the payment shall not be extended for you absent Court Order.

**(b)     You Can Contest the Calculation of Your Settlement Payment as Stated in this Notice.**

You can contest the number work days identified in Section 6 above. To do so, you must provide the settlement administrator with documentation supporting your position. The statement must also include your full name, current address and telephone number, and must identify this case (*Dionne Hamilton v. Bluemercury, Inc., Case No. BC625829*). You must provide written documentation supporting the number of pay periods or employment dates you contend to have worked; otherwise, Defendant's records will be presumed correct. You must postmark your written statement no later than **[45 days from mailing]**.

The Settlement Administrator will consider the documentation you submit and will communicate with you and the parties as necessary regarding the dispute to determine whether an adjustment is warranted before making a final determination regarding your settlement payment. The settlement administrator will mail you its final determination. You will have until **[45 days from mailing]** to decide whether you want to exclude yourself from the settlement, as described below.

**(c)     You Can Exclude Yourself from the Settlement Class.**

If you do not want to remain a member of the settlement class, you can request exclusion (i.e., opt out) by sending the Settlement Administrator a written Request for Exclusion. The deadline to postmark a Request for Exclusion is **[45 days**

**FOR MORE INFORMATION CALL 1-800-_____.**

from mailing]. A Request for Exclusion is a written statement unambiguously requesting to be excluded from the settlement class. The Request for Exclusion must include the case name (*Dionne Hamilton v. Bluemercury, Inc., Case No. BC625829*), your name, current address and telephone number, and the last four digits of your social security number (for verification purposes). You must also sign the Request for Exclusion. You should keep a copy of your Request for Exclusion for your records. Moreover, to ensure receipt by the Settlement Administrator, you may elect to send your Request for Exclusion via certified mail. Requests for Exclusion that do not include all required information, or that are not postmarked on or before the deadline, will not be valid.

If you submit a valid and timely Request for Exclusion, you will not be bound by the settlement or the release of claims in Section 8 above; however, you will not receive any money under the settlement. You will also be barred from objecting to this settlement. By opting out of the settlement class, you will retain whatever rights or claims you may have against Defendant.

If you do not submit a timely and valid Request for Exclusion from the settlement class by the deadline specified above, then you will be bound by all terms and conditions of the settlement if it is approved by the Court and by the Judgment, and you will receive a settlement payment.

**(d)     You Can Object to the Settlement.**

If you are a member of the settlement class who does not opt out of the class, you may object to the settlement, personally or through an attorney (retained at your own expense), by sending your written objections to the Settlement Administrator at the address specified in Section 11 below. The deadline to file and postmark objections is [**45 days from mailing**]. Only class members who have not requested exclusion may object to the settlement.

Your objection must state the basis of your objection and include any papers and briefs in support of your position. Your objection must be signed and must contain your current address and telephone number (or that of your attorney) and refer to this case (*Dionne Hamilton v. Bluemercury, Inc., Case No. BC625829*). If you mail an objection, you may also appear at the Final Fairness and Final Approval Hearing either personally or through an attorney you hire and pay for yourself. To appear at the Final Approval Hearing, you must mail and postmark an objection no later than [**45 days from mailing**] to the Settlement Administrator at the address specified in Section 11 below.

If you fail to mail timely written objections, you will be deemed to have waived any objections you may have to the settlement and will be foreclosed from making any objection (whether by appeal or otherwise) to the settlement, unless the Court orders otherwise.

If you object to the settlement and if the Court approves the settlement notwithstanding your objections, you will be bound by the terms of the settlement, and you will not be permitted to file a Request for Exclusion.

**10.     FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT**

The Final Approval Hearing on the fairness and adequacy of the proposed settlement, the plan of distribution, the service and release payment to the Plaintiff, and Class Counsels' request for attorneys' fees and costs, will be held on _____, in Department 309 of the Los Angeles Superior Court, Central Civil West Courthouse, located at 600 S. Commonwealth Ave., Los Angeles, CA 90005. The Final Approval Hearing may be continued to another date without further notice. If you plan to attend the Final Approval Hearing, you may contact the Settlement Administrator to confirm the date and time.

**11.     ADDITIONAL INFORMATION.**

This Notice only summarizes the lawsuit and settlement. For more information, you may inspect the Court file at the Los County Angeles Superior Court, Central Civil West Courthouse, located at 600 S. Commonwealth Ave., Los Angeles, CA 90005. You may also contact the settlement administrator as follows:

> [insert TPA name, address and telephone]
> Facsimile: _____
> Email: _____
> Website: _____ :

You may also contact Class Counsel at the address and telephone number provided in Section 4 above. If your address changes or is different from the address on the envelope enclosing this Notice, please promptly notify the settlement administrator.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE**

**FOR MORE INFORMATION CALL 1-800-_____.**

4
